**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CEDRIC KELLY, | ) | CASE NO. 5:11CV474 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF NEW PHILADELPHIA, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Cedric Kelly filed this civil rights action against the City of New Philadelphia, the New Philadelphia Police Department, New Philadelphia Police Officer Thad Polka, unknown employees of the City of New Philadelphia, and unknown law enforcement officers of the New Philadelphia Police Department. In the Complaint, plaintiff alleges the deprivation of his constitutional rights, and states causes of action arising under 18 U.S.C. §§ 241, 242 and 245; 18 U.S.C. § 1001(a)(1)(2); 18 U.S.C. § 1203; 42 U.S.C. § 14141; and 42 U.S.C. § 1983. He seeks declaratory, injunctive, and monetary relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (ECF 3). That Motion is granted.

**Background**

Plaintiff's Complaint contains very little in the way of specific factual allegations. He claims that, on January 27, 2011, defendants New Philadelphia Police Department ("Police Department"), Police Officer Thad Polka, and unknown New Philadelphia

1

law enforcement officers "engaged in a pattern or practice of using excessive force" against him while he was "carrying out a routine activity and either has not committed any crime or infraction or has committed a minor infraction." (Compl. at ¶ 10).

He further claims that, on "multiple dates," defendants Police Department, Officer Polka and unknown New Philadelphia law enforcement officers " engaged in a pattern or practice of (1) falsely arresting and charging plaintiff because he is "believed likely to complain of police misconduct" and "behaves or speaks in manner that is perceived [by defendant Police Department] to be disrespectful but which does not constitute criminal behavior;" (2) falsifying official reports; (3) conducting searches and investigations in an improper manner; (4) using a law enforcement database for personal use against plaintiff's personal and business interests; (5) causing irreparable damage by defamation of plaintiff's character and reputation; and (6) attempting to detain plaintiff "in order to compel third parties." (Compl. at ¶¶ 11, 12). Plaintiff does not set forth any details or information regarding any specific instances when defendants allegedly engaged in these behaviors.

Plaintiff further alleges that, on "multiple dates," defendants City of New Philadelphia and unknown employees of the City have "tolerated the misconduct of individual [police] officers […] through its act or omissions." Plaintiff alleges that these acts or omissions include (1) the failure to supervise defendant New Philadelphia police officers adequately to prevent misconduct; (2) the failure to monitor defendant police officers who engage in or may be likely to engage in misconduct; (3) the failure to establish a procedure whereby citizen complaints are adequately investigated; (4) the failure to investigate adequately incidents in which a police officer uses lethal or non-lethal force; (5) the failure to adequately review citizen

complaints regarding the use of lethal or non-lethal force; and (6) the failure to adequately discipline officers who engage in misconduct. Again, plaintiff does not set forth any specific details or information regarding the factual basis of any of these claims.

Plaintiff claims generally that his allegations against defendants state causes of action under 18 U.S.C. §§ 241, 242 and 245; 18 U.S.C. § 1001(a)(1)(2); 18 U.S.C. § 1203; 42 U.S.C. § 14141; and 42 U.S.C. § 1983. (Compl. at ¶¶ 2(A) - (G)). He seeks the following relief: (1) a declaration that defendants have engaged in a pattern or practice of depriving plaintiff of his constitutional rights; (2) an order that the defendants "refrain from engaging in any of the predicate acts forming the basis" of his pattern or practice allegations; and (3) monetary relief in the amount of $2.5 million.[1]

## Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a plaintiff proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[2] A complaint is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are

---

[1] Specifically, plaintiff seeks $500,000 each for emotional pain and suffering; loss of reputation; defamation of character; slander; and punitive damages.

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866; *see also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, plaintiff's Complaint is dismissed pursuant to §1915(e).

## Analysis

As set forth above, plaintiff alleges violations of 18 U.S.C. §§ 241, 242 and 245; 18 U.S.C. § 1001(a)(1)(2); 18 U.S.C. § 1203; and 42 U.S.C. §14141.[3] These are criminal statutes, however, which do not provide for a private right of action. *See United States v.*

---

[3] Sections 241, 242 and 245 criminalize certain deprivations of civil rights and conspiracy to deprive civil rights. Section 1001 provides a criminal penalty for making false statements to a department of the agency of the United States. Section 14141 authorizes the Attorney General to file a civil action on behalf of the United States to eliminate unlawful patterns and practices of government officials that deprive individuals of their civil rights. Section 1203 criminalizes the act of taking one person hostage in order to compel a third person to do or abstain from doing an act as a condition for the release of the person that is being held hostage. There is no suggestion in Section 1203 of a private right of action.

*Oguaju*, 2003 WL 21580657 (6th Cir. July 9, 2003) (finding that "[t]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."); *Banks-Bey v. Acxiom*, 2010 WL 395221 at * 3-4 (N.D. Oh. Jan. 27, 2010) (stating that there is no private right of action under either 18 U.S.C. §§ 241, 242, 245, or 1001); *Moore v. Commonwealth of Kentucky*, 2010 WL 3505173 at * 4 (W.D. Ky. Aug. 10, 2010) (finding that there is no private right of action under 18 U.S.C. § 1001); *Leisure v. City of Reynoldsburg, Ohio*, 2008 WL 4137961 at * 7 (S.D. Oh. Aug. 29, 2008) (finding that no private right of action exists under 42 U.S.C. § 14141).

Accordingly, plaintiff has failed to state claims upon which relief may be granted under any of the criminal statutes cited in his Complaint, warranting their dismissal as a matter of law pursuant to § 1915(e).

Plaintiff also, however, appears to allege claims under 42 U.S.C. § 1983, which does provide a private right of action. To establish a claim under § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As the Supreme Court further explained in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the elements of a cause of action will not do.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id*. at 1950.

The Court finds that plaintiff's Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face" pursuant to *Iqbal, supra*. While plaintiff alleges generally that defendants engaged in a pattern or practice of various unconstitutional actions, he does not plead any facts to support his allegations. Rather, plaintiff's Complaint is comprised entirely of legal conclusions and "threadbare recitals of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. Even under the less stringent pleading standards afforded *pro se* litigants, plaintiff's Complaint is insufficient as it fails to allege any factual content to support its claims for relief.

Accordingly, plaintiff has failed to state a claim upon which relief may be granted and his Complaint is subject to dismissal as a matter of law pursuant to § 1915(e).[4]

### Conclusion

For all the foregoing reasons, plaintiff's Motion to Proceed *In Forma*

---

[4] Dismissal of plaintiff's Complaint for failure to plead sufficient facts applies not only to his claims under Section 1983, but is also an alternative ground for dismissal of his claims under 42 U.S.C. § 14141 and 18 U.S.C. §§ 241, 242, 245, 1001(a)(1), and 1203.

*Pauperis* (ECF 3) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

        **IT IS SO ORDERED**.

Dated: August 22, 2011

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[5] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.